UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Brian Harris

    -Plaintiffs

vs.

Case No:

Violations of the 4th and 14th Amendments of the U.S. Constitution by 42 U.S.C. § 1983, with Pendent State Claims under Wis. Stat. § 893.80 et. seq. and § 895.46

City of Kenosha Police Officer
Austin Brechue

    -Defendant(s)

## Complaint

NOW COMES Brian Harris by his attorneys Strouse Law Offices and Napierala Law Offices and bring the following claims on their behalf under the 4th and 14th Amendments, as set out below, and these by 42. U.S.C 1983 as follows: 1) False Arrest and 2) False Imprisonment against City of Kenosha Police Officer Austin Brechue (in his official or in the alternative in his individual capacity as defendant):

## PARTIES

1. That Brian Harris ("Plaintiff") is an adult male who is domiciled within the borders of the City and County of Kenosha.

2. That Police Officer Austin Brechue is a Police Officer for the City of Kenosha and was at all times material hereto acting under the color of state law.

# FACTS

3. That on or before 10/11/2017 Brian Harris had terminated a romantic relationship with Miss Allan.

4. Miss Allan disappointed at the termination of the romance took and hid some of Plaintiff's personal property including a cell phone.

5. Plaintiff demanded the return of his personal property, however Miss Allan refused to return the personal property that Plaintiff demanded.

6. That Plaintiff threatened to call the police if Miss Allan did not return his personal property.

7. Miss Allan then proceeded to call the police herself and accuse Plaintiff of battery.

8. That Kenosha Police Officer Austin Brechue responded to the call to investigate

9. That Officer Brechue found that the Miss. Allan had no visible injuries to her person or belongings.

10. Furthermore, the witness who was present at all material times hereto stated to Officer Brechue that, "he at no time observed Harris become physical with Allan and added that Allan had been messing with Harris for months."

11. Based on no observable injuries and the witness statement Officer Brechue wrongly decided he had enough probable cause to arrest Plaintiff, unlik a reasonable officer in his situation.

12. Plaintiff was arrested by Officer Brechue and transported to Kenosha County Jail where he was held pending an appearance before the Circuit Court for Kenosha County.

13. That the Kenosha County Prosecutor declined to prosecute Plaintiff and Plaintiff was subsequently released.

## COUNT 1
### 4th Amendment Violation(s)
### False Arrest under 42 U.S.C. 1983 vs.
### Officer Brechue

14. That Plaintiffs readopt and re allege Counts 1-13 as though fully set out herein.

15. That Officer Brechue had no probable cause to arrest the Plaintiff.

16. That Officer Brechue having no probable cause to arrest Plaintiff did arrest the Plaintiff causing him harm.

## COUNT 2
### 4th and 14th Amendment Violation(s)
### False Imprisonment under 42 U.S.C. 1983 vs.
### Officer Brechue

17. That Plaintiffs readopt and re allege Counts 1-16 as though fully set out herein.

18. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

19. Here Officer Brechue had no probable cause as analyzed from an objectively reasonable officers view and then to cause the Plaintiff to be confined against his will at the Kenosha County Jail.

20. Under Wisconsin Supreme Court Precedent "An actor is subject to liability to another for false imprisonment if (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other." <u>Maniaci v. Marquette University</u>, 50 Wis. 2d 287.

21. Here Officer Brechue intended to confine Plaintiff to Kenosha County Jail restricting his movements which had boundaries fixed and which resulted in Plaintiff's liberty being confined by the police without the consent of Plaintiff.

22. That at all times material hereto the Officer Brechue was acting under color of state law with deliberate indifference to the Plaintiff(s).

23. As a result of Officer Brechue actions Tari Davis experienced physical, emotional, psychological and dignitary harm.

## **Prayers for Relief**

**Wherefore,** The Plaintiffs each individually and separately Pray for an Order of Judgment entered by this Court against the Defendant for the harm set out above as follows: Officer Brechue in his official or alternatively personal capacities where capable of remedy and for indemnification from the City of Kenosha for their agents/employees liability as follows:

a. Under 42 U.S.C. 1983 - For actual, foreseeable, consequential, punitive, personal injury, pain and suffering, emotional and mental harm with permanency mental anguish, pain and suffering as a result of excessive force and/or deadly force used by Officer Brechue;

b. Specifically, for special damages under Rule 9(g), in the form of punitive damages;

c. For reasonable attorney's fees as set out under 42 U.S.C. 1988.

Dated this _29th_ of ___December___ 2019

Attorneys for Plaintiff,
_____/s/ *Paul Strouse*_____
Paul Strouse- *Attorney At Law*
SBN: 1017891
Thomas Napierala- *Attorney at Law*
SBN: 1011811

Prepared By:

The Law Offices of Paul Strouse
413 North 2nd Street Suite #150
Milwaukee WI 53203
(414) 390-0820


The Law Offices of Thomas Napierala
413 North 2nd Street Suite #150
Milwaukee WI 53203
(414) 390-0820